IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

REBECCA ELLIOTT as Personal
Representative of the Wrongful Death Estate
of CURTIS L. PETERSON,

        Plaintiff,

v.                                                              1:21-cv-00154-LF-SCY

UNITED STATES OF AMERICA,

        Defendant.

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION TO AMEND SF-95**

THIS MATTER comes before the Court on plaintiff Rebecca Elliott's Motion for Leave to Amend Form SF-95, filed August 16, 2021. Doc. 20.[1] Defendant the United States of America filed its response on August 27, 2021. Doc. 23. Ms. Elliott filed her reply on September 7, 2021. Doc. 24. Having read the submissions of the parties, the relevant case law, and otherwise being fully advised, the Court finds that the motion is not well-taken and will DENY it.

**I.   Background Facts**

This case arises from the death of Curtis L. Peterson as a result of a fatal collision on July 14, 2017. Doc. 1 ¶¶ 8–23. Mr. Peterson was the passenger in a vehicle driven by Debby Frye.

---

[1] Ms. Elliott filed her motion on the docket twice: once under seal as "case participants" (Doc. 19, filed August 13, 2021), and once without the "case participants" restriction (Doc. 20, filed August 16, 2021). The documents are identical except that page 12 of document 19 lists a birthdate that should not be in the public record. *See* FED. R. CIV. P. 5.2(a)(2). In document 20, the birthdate is redacted. Doc. 20 at 12. The two documents are identical in all other respects. In this memorandum opinion and order, the Court will refer to Doc. 20, as that is the document accessible to the public.

*Id*. ¶ 9.  Ms. Frye was traveling eastbound on Interstate 40 when her vehicle was involved in collision with a government-owned vehicle being driven by Darren Todacheene-Woody, a United States Marine Corps Recruiter.  *Id*. ¶¶ 8, 10, 17.  On July 13, 2019, Ms. Elliott, as the personal representative of her father, Curtis Peterson, and without the assistance of counsel, submitted a Standard Form 95 ("SF-95"), claim number J191040, to the Department of the Navy, claiming $300,000.00 in damages for the wrongful death of Mr. Peterson.  Doc. 1 ¶ 3; *see also* Doc. 20 at 2, 12, 19–20; Doc. 24 at 7.  On July 17, 2019, Stephen J. Meyer, a tort claims attorney for the United States Navy, sent an email to Ms. Elliott informing her that the Navy had received her claim.  Doc. 20 at 18–19; Doc. 24 at 7.  Mr. Meyer informed Ms. Elliott that Ms. Frye also had submitted a claim but did not reveal its details.  *Id*.  On December 20, 2019, Ms. Frye filed a complaint against the United States in this Court for personal injuries arising out of the July 14, 2017 accident and attached her SF-95 reflecting her administrative claim.  *Frye v. United States*, 19cv1198 KK–LF, Doc. 1.

On August 24, 2020, the United States denied Ms. Elliott's administrative claim.  Doc. 20 at 21.  On February 12, 2021, Ms. Elliott retained Keller & Keller, LLC to represent her, and on February 22, 2021, Ms. Elliott, through her counsel, initiated this lawsuit.  Doc. 20 at 4; Doc. 24 at 8.  After filing the case, Ms. Elliott's counsel became aware of Ms. Frye's case, and that Ms. Frye had claimed damages in the amount of $25,000,000.00 on her SF-95.  Doc. 20 at 4; Doc. 24 at 7–8.  In her motion, Ms. Elliott seeks the Court's leave to proceed with this lawsuit for a sum in excess of the amount of the claim she presented to the Department of the Navy in her original

SF-95 pursuant to 28 U.S.C. § 2675(b).[2]  *See* Doc. 20 at 1, 8.  Specifically, she is requesting permission to seek $25,000,000 in damages.  *See id.* at 8.

**II.   Discussion**

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.*, is the exclusive method for suing an administrative agency in tort for monetary damages.  28 U.S.C. § 2679.  The FTCA requires a claimant to first present her claim to the appropriate agency.  *See* 28 U.S.C. § 2675(a) (an "action shall not be instituted upon a claim against the United States for money damages for injury . . . caused by the negligent or wrongful act or omission of any employee of the Government . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency").  To fulfill this requirement, the claimant must:  (1) give written notice of the claim sufficient to enable the agency to investigate the claim; and (2) place a value on the claim.  *See* 28 C.F.R. § 14.2(a) ("a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain"); *Glarner v. U.S., Dep't of Veterans Admin.*, 30 F.3d 697, 700 (6th Cir. 1994) ("In order for a person to file a tort claim under the FTCA, it is required that he [or she] 1) give written

---

[2] In her motion, Ms. Elliott seeks leave to amend her SF-95 as well as leave to proceed with this lawsuit for a sum in excess of the amount of the claim presented in the original SF-95.  Doc. 20 at 1.  In its response, the United States points out that Ms. Elliott does not explain how this Court has authority to allow Ms. Elliott to amend her SF-95, and that the Government is unaware of any such authority.  Doc. 23 at 1 n.1.  Consequently, the United States interprets Ms. Elliott's motion as one to allow her to bring a claim for an amount in excess of the SF-95 pursuant to 28 U.S.C. § 2675(b).  *Id*.  Ms. Elliott does not provide an explanation of the Court's authority to allow her to amend the SF-95 in her reply.  *See* Doc. 24.  Accordingly, the Court also will construe Ms. Elliott's motion as a motion to permit her to seek damages in excess of the amount claimed on her SF-95, rather than a motion to amend her SF-95.

notice of a claim sufficient to enable the agency to investigate the claim and 2) place a value (or 'sum certain') on the claim."). If the agency denies the claim or fails to dispose of it within six months, the claimant may file a civil action in federal court. 28 U.S.C. § 2675(a).

A civil action against the United States under the FTCA is limited to the amount of damages originally requested by the plaintiff in the administrative claim unless the plaintiff is able to show that newly discovered evidence or intervening facts have come to light that were not available when the administrative complaint was filed. The governing statute states:

> Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

28 U.S.C. § 2675(b). The Tenth Circuit has not addressed the question of what constitutes "newly discovered evidence" or "intervening facts" under § 2675. *Tolbert v. United States*, 2006 WL 8444134, at *2 (D.N.M. June 7, 2006). Courts that have addressed the issue, however, focus the § 2675(b) analysis "on the foreseeability of the injury." *Id*. "If the condition was reasonably foreseeable at the time the claim was filed, an increase will not be allowed. On the other hand, if it was not, then an increase may be allowed." *Id*. (internal citation, brackets, and quotations omitted).

"The burden of proving newly discovered evidence or intervening facts rests with the FTCA claimant. . . . As between an FTCA claimant and the government, the FTCA claimant 'is in by far the better position to determine the worst-case scenario or, if uncertain, to paint the picture as bleakly as reason permits and conscience allows' when filing the claim." *Ott v. United States*, 2021 WL 77785, at *2 (D.N.M. Jan. 8, 2021) (quoting *Reilly v. United States*, 863 F.2d 149, 173 (1st Cir. 1988)). "Accordingly, '[i]f a plaintiff misjudges, as to matters known or easily

deducible when her claim is filed, it seems more equitable for her to bear the burden of miscalculation than to impose it on the sovereign.'" *Id*.

Ms. Elliott contends that she should be allowed to amend her SF-95 "because the increased amount is based upon allegation and proof of intervening facts, relating to the amount of the claim." Doc. 20 at 4. Ms. Elliott relies on two "intervening facts": (1) that she "was not aware of the claim instituted by Debby Frye, in a separate action, until after submitting her Form SF-95"; and (2) that she "retained Keller& Keller, LLC, as counsel on February 12, 2021, after her claim was denied." *Id*. at 5–6. Neither of these circumstances constitutes an intervening fact under § 2675(b).

    A. <u>Ms. Elliott's Knowledge Regarding Debby Frye's Claims</u>

Ms. Elliott argues that she was not aware of the amount of damages Ms. Frye claimed on her SF-95 form—$25,000,000.00—until after submitting her SF-95. Doc. 20 at 5–6. This does not qualify as an intervening fact. "Almost all of the cases discussing § 2675(b) involve physical injury to a person." *Las Cien Casas, L.L.C. v. United States*, 2020 WL 2111968, at *3 (D. Ariz. May 4, 2020). "In those cases, the courts focus on foreseeability, limiting damages to the amount sought in the administrative claim if the 'full extent' of the claimant's injuries were reasonably foreseeable at that time." *Id*. (collecting cases); *Ott*, 2021 WL 77785, at *2.

In this case, Ms. Elliott does not suggest that her injuries were not fully known at the time of the administrative claim. In fact, the full extent of her injuries were reasonably foreseeable when she filed her claim as Ms. Elliott filed a wrongful death claim as personal representative of Curtis Peterson. Ms. Elliott's damages from Mr. Peterson's wrongful death were finite and quantifiable shortly after the accident. *See Las Cien Casas*, 2020 WL 2111968, at *3–*4 (plaintiff jurisdictionally barred from asserting a claim for damages in excess of that asserted in

his SF-95, where damages from a fire were finite and quantifiable shortly after the fire). The amount of Ms. Elliott's damages, therefore, was available to her prior to filing her administrative claim and cannot be considered an intervening fact. Ms. Elliott's knowledge regarding the amount claimed by Debby Frye for her personal injuries is irrelevant to the injury—the death of Curtis Peterson—that forms the basis of Ms. Elliott's wrongful death claim. 28 U.S.C. § 2675(b); *see Ott*, 2021 WL 77785, at *5 (additional information regarding previously known injuries was not newly discovered evidence or intervening facts under 28 U.S.C. § 2675(b)). Because the extent of Ms. Elliott's injury was known to Ms. Elliott when she filed her claim, her discovery of the amount of Debby Frye's claim is not an intervening fact.[3]

B. Ms. Elliott's Retention of Counsel

Ms. Elliott's second "intervening fact" is that she retained counsel in February of 2021, after her claim was denied. Doc. 20 at 6–7. Ms. Elliott asserts that her attorneys believed that the amount listed on the SF-95 was too low, and their attempt to submit an amended form was denied. *Id*. at 6–7. Ms. Elliott explains that she did not know that she was "entitled" to collect more than the $300,000.00 she listed in her SF-95. *Id*. at 7. Ms. Elliott, however, misunderstands the nature of her burden under 28 U.S.C. § 2675(b). Ms. Elliott's burden under this statute is not to establish that she undervalued her claim and belatedly learned that she could recover more damages. *Chang-Williams v. United States*, 2011 WL 2680714, at *2 n.2. (D. Md. July 7, 2011). "Rather, she must show that the new damages rest upon either newly discovered

---

[3] Although irrelevant, Ms. Elliott could have discovered the amount of Ms. Frye's claim when Ms. Frye filed her lawsuit, on December 20, 2019. *See* Doc. 20 at 24. That Ms. Elliott did not know how to do so does not make the amount of Ms. Frye's claim "not reasonably discoverable." 28 U.S.C. § 2675; *see also Martinez v. United States*, 780 F.2d 525, 527–28 (5th Cir. 1986) (fact that claimant's attorney was unfamiliar with plaintiff's injury and the relevant law when the administrative claim was filed was not a valid basis for amending the claim amount).

evidence or intervening facts." *Id*. "Information does not qualify as newly discovered evidence if a plaintiff could have discovered it with reasonable diligence before filing her administrative claim." *Las Cien Casas*, 2020 WL 2111968, at *3 (internal quotation and citation omitted). Consulting an expert, like an attorney, after filing an SF-95 to determine the true value of one's claim does not constitute "newly discovered" evidence or an "intervening fact" as contemplated by § 2675(b). *Chang-Williams*, 2011 WL 2680714, at *5 n.2 ("Nor is the expert testimony itself a newly discovered piece of evidence or an intervening fact as contemplated by § 2675(b)."); *see also Las Cien Casas*, 2020 WL 2111968, at *3 ("Although Plaintiff had not obtained its expert opinion at the time it filed its administrative claim, Plaintiff offers no reason that it could not have done so."). Ms. Elliott has not shown that she could not have learned the "true" value of her claim before filing her SF-95 by exercising diligence. *See Ott*, 2021 WL 77785, at *3 (denying amendment where plaintiff could not show that he could not have learned the value of his claim at the time of filing by exercising diligence) (citing *Williams v. United States*, 608 F. Supp. 269, 273 (S.D. Fla. 1985) (to be allowed to amend, plaintiffs must show that the evidence could not have reasonably been discovered by the time they presented their claim to the United States)).

Ms. Elliott had two years to present her claim.[4] She filed her SF-95 on July 13, 2019, one day before the limitations period ran. Doc. 20 at 12. Within that two years, Ms. Elliott could have consulted an attorney to determine the value of her claim, but she did not do so. The only explanation offered by Ms. Elliott is that she did not think she needed an attorney because

---

[4] 28 U.S.C. §2401(b) states in part: "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ."

liability was clear, and she did not believe that the administrative claim would be denied. Doc. 24 at 7. But Ms. Elliott's explanation does not show that she could not have learned the value of her claim prior to submitting her SF-95.

In *Schubach v. United States*, 657 F. Supp. 348, 349–50 (D. Me. 1987), the court refused to permit the plaintiff to seek damages above the amount claimed in her SF-95. The court explained, "plaintiff's factual claim is simply that at the time she filed the administrative claim, she did not consult with counsel and was unaware that she was entitled to recover [additional damages]." *Id.* at 349. The court held that a belated consultation with counsel could not form the bases for increasing a claim amount § 2675(b). *Id*. at 350. The court observed, "it is apparent that such information was 'reasonably discoverable at the time of presenting the claim' by the simple expedient of consulting with counsel beforehand." *Id*. Similarly, in this case, it is apparent that Ms. Elliott could have discovered the value of her claim before she filed her SF-95 had she consulted an attorney. Ms. Elliott cannot show that she could not have learned the "true" value of her claim before she filed it by exercising diligence. *See Williams*, 608 F. Supp. at 273 (to be allowed to amend, plaintiffs must show that the evidence could not reasonably have been discovered at the time they presented their claim to the United States).

Ms. Elliott has failed to establish the existence of any intervening facts or newly discovered evidence that would allow her to seek damages in excess of that sought in her administrative claim. *Las Cien Casas*, 2020 WL 2111968, at *4. "Rather, it appears to be a situation in which [Ms. Elliott and her attorneys] are of the opinion that the claim has a greater value' than thought at the time of the administrative claim; allowing suit in excess of the claim on that basis would render the statutory limitation meaningless." *Id*. (quoting *Kielwien v. United States*, 540 F.2d 676, 681 (4th Cir. 1976)).

Ms. Elliott relies on *McCarter v. United States*, 373 F. Supp. 1152 (E.D. Tenn. 1973), for the proposition that consulting with counsel regarding a claim's value meets the "intervening fact" requirement of 28 U.S.C. § 2675(b). Doc. 20 at 6; Doc. 24 at 4–5. Ms. Elliott's reliance on McCarter is misplaced. First, *McCarter* is a district court case from the Eastern District of Tennessee and therefore is not binding on this Court. Second, *McCarter* is not persuasive. In *McCarter*, the court—without much analysis—permitted a man with only an eighth-grade education to state additional claims not originally presented on his claim form because he was "not aware that he was entitled to additional compensation" when he filed his administrative claim. 373 F. Supp. At 1153. The decision in that case, however, is an outlier that "does not at all square with the specific language of the statute relaxing the limitation upon the amount of a permitted claim and . . . does not give due recognition to the serious purpose of the statutory language in defining the consent of the United States to be sued in tort." *Chang-Williams*, 2011 WL 2680714, at *3 n.3 (quoting *Schubach*, 657 F. Supp. at 350 n.5); *see also Exec. Jet Aviation v. United States*, 507 F.2d 508, 516 n.4 (6th Cir. 1974) (noting that the court in *McCarter* "clearly was straining the exception").

Ms. Elliott has not proven an intervening fact or newly discovered evidence that would warrant allowing her to seek damages in excess of those sought on her SF-95. Her claim therefore is limited to the amount presented to the Department of the Navy on her original SF-95, or $300,000.00.[5]

---

[5] Because Ms. Elliott has not shown an intervening fact or newly discovered evidence, the Court does not address whether the proposed increased amount is based on or related to the amount of the claim. *See* 28 U.S.C. § 2675(b).

9

statute. Other courts routinely have rejected the types of equitable arguments that Ms. Elliott makes here despite the harsh results. *Id.* (collecting cases). Further, a litigant's lack of legal knowledge or skill when filing her administrative claim does not justify a higher damage claim. *Id*. These sorts of equitable considerations have no place in the § 2675(b) context because, if anything, equity favors the government.

> The goal of the administrative claim requirement is to let the government know what it is likely up against: mandating that a claimant propound a definite monetary demand ensures that the government will at all relevant times be aware of its maximum possible exposure to liability and will be in a position to make intelligent settlement decisions. As between prospective defendant and prospective plaintiff, the latter is in by far the better position to determine the worst-case scenario or, if uncertain, to paint the picture as bleakly as reason permits and conscience allows. If a plaintiff misjudges, as to matters known or easily deducible when her claim is filed, it seems more equitable for her to bear the burden of miscalculation than to impose it on the sovereign.

*Reilly v. United States*, 863 F.2d 149, 173 (1st Cir.1988) (citations, brackets, and quotation marks omitted).

Ms. Elliott's motion is largely a late attempt to change the value of her case. *Chang-Williams*, 2011 WL 2680714, at *4. The court cannot entertain such an effort, as § 2675(b) "would be meaningless if claimants, after rejection of their claim, could institute actions for amounts in excess of the claim filed merely because they, or their attorneys, are of the opinion that the claim has a greater value." *Id.* (citing *Kielwien*, 540 F.2d at 681); *accord Lowry v. United States*, 958 F. Supp. 704, 713 (D. Mass. 1997) ("The purpose of section 2675(b) undoubtedly is to limit claims on which there is only a change in valuation between the agency claim and the lawsuit.").

### III.     Conclusion

Ms. Elliott has not shown that newly discovered evidence or intervening facts have come to light that were not available to her when she filed her administrative claim; she therefore will be limited to the amount of damages originally sought on her SF-95.

IT IS THEREFORE ORDRED that Plaintiff Rebecca Elliott's Motion for Leave to Amend Form SF-95, filed August 13, 2021 (Doc. 20) is DENIED.

_____
Laura Fashing
United States Magistrate Judge
Presiding by Consent